IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CV-432-H

CAROL DALENKO,

    Plaintiff,

v.

DONALD W. STEPHENS, et al.,

    Defendants.

**ORDER**

This matter is before the court on the following motions:

    (1) Motion to dismiss [DE #15] by defendant H. Hugh Stevens Jr.;

    (2) Motion to dismiss [DE #23] by defendants Donald W. Stephens, William R. Pittman, Kenneth C. Titus, Barbara A. Jackson, James A. Wynn, Jr, and Robert N. Hunter, Jr. (collectively, the "judicial defendants");

    (3) Motion for Sanctions [DE #26] by defendant H. Hugh Stevens Jr.;

    (4) Motion to Accept Responses as Timely Filed [DE #34] by plaintiff Carol Dalenko; and,

    (5) Motion to Strike [DE #35] by all defendants; Motion to strike defendant's motion to strike [DE #44] filed by plaintiff Carol Dalenko.

Responses and replies have been filed, and the time for further filings has expired. The court also notes that plaintiff filed an amended complaint on April 8, 2011, and will

address the issues surrounding its filing in this order. Additionally, plaintiff filed a "Notice to Exercise Right to Jury" [DE #46] on May 23, 2011.[1] All these matters are ripe for adjudication.

The court will not belabor the point with all the details of the long history of plaintiff's filings with this court. However, a brief background is necessary. Plaintiff filed her complaint on October 8, 2010 pursuant to 42 U.S.C. § 1983 and served the defendants on January 31, 2011. According to the judicial defendants, her claims arise out of actions by the judicial defendants in a case she brought before the Superior Court Division of North Carolina's General Court of Justice, and her appeal of orders issued in that case by the North Carolina Court of Appeals. The complaint stems from a related action, Dalenko v. News and Observer Publishing Co, et al., No. 5:10-CV-184-H, in which the plaintiff, in May of 2004, filed a civil suit for libel and sought redress from the court alleging that The News and Observer injured her reputation by a false and defamatory article published on May 11, 2004. The News and

---

[1] It appears plaintiff believes she is entitled to a trial by jury on the issue of whether she had a right to file an amended complaint. Plaintiff appears to misunderstand what the Seventh Amendment Right to a trial by jury entails. If this case should need to be tried, then plaintiff shall have a right to a trial by jury, not by judge. However, a right to jury trial does not mean that plaintiff has a right to have a trial on each and every issue that arises in the case.

2

Observer moved to dismiss the complaint on the grounds that it was not accompanied by an attorney's certification and therefore did not comply with the gatekeeper order previously entered by the state court. While The News and Observer's motion to dismiss was under consideration by the court, the plaintiff voluntarily dismissed the defamation suit on September 27, 2005. One year later, the plaintiff filed her suit against The News and Observer in state court, but this time accompanied the complaint with a certification signed by local attorney, Kevin Hopper. The state trial court entered summary judgment in favor of The News and Observer and made other rulings adverse to the plaintiff in her libel suit. The North Carolina Court of Appeals affirmed the trial court rulings that were properly before it and remanded the case for consideration of The News and Observer's Motion for Attorney fees. <u>See</u> Order of N.C. Ct. App. No. COA-1212 (July 7, 2009).

On September 29, 2009, Judge Titus entered a default judgment in the amount of $98,260.40 against the plaintiff for The News and Observer's attorney fees and costs. On that same day a motion to find the plaintiff in civil contempt of the Gatekeeper Order was filed by attorneys for The News and Observer. Senior Resident Superior Court Judge Stephens issued an order requiring the plaintiff to appear and show cause as to

3

why she should not be held in contempt. On November 3, 2009, Judge Pittman found the plaintiff in civil contempt and sentenced her to thirty days in jail.

In the light most favorable to the plaintiff, she has commenced the instant federal action alleging fraud, deprivation of property rights in the sum of $100,758.40, barred access to the courts and imprisonment to deter her from making a petition for redress, based on actions taken on the part of various judicial officials and orders entered in the above referenced state civil action. Plaintiff also seeks a jury trial for review of material facts in the related federal action, <u>Dalenko v. News and Observer Publishing Co., et al.</u>, 5:10-CV-184-H, monetary damages from each defendant in the amount of $100,785.40, and the costs of attorney fees incurred.[2]

Plaintiff's complaint purports to have this court review the actions and/or judgment of the state court, a role which is not within the jurisdiction of the federal district court. The appellate review of state-court decisions lies only within the state appellate system and then in the United States Supreme Court, not with the federal district court. <u>American Reliable Ins. Co. v. Stillwell</u>, 336 F.3d 311, 316 (4th Cir. 2003); <u>see</u>

---

[2] Of course, any "review" of the related federal action can be done only through the appropriate appellate channels, not by filing a separate action in this court.

4

also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) ("Review of [state-court] determinations can be obtained only in [the Supreme Court]."). Plaintiff's complaint fails to raise any claims independent of her dissatisfaction with the state-court judgment and is, therefore, barred by the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding that Rooker-Feldman doctrine bars federal jurisdiction where a party to a state-court action files suit in federal court complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment); Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir. 1984) (invoking the "well settled rule that a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action").

The court has also reviewed plaintiff's purported amended complaint. The court need not decide whether plaintiff's amended complaint was timely filed within the time periods specified in Federal Rule of Civil Procedure 15(a) because the court finds the amendments to be futile. Even assuming that the complaint was timely, the Rooker-Feldman doctrine still bars this matter.

Also before the court is defendant H. Hugh Stevens' motion for sanctions. The court declines to grant sanctions at this time, but warns plaintiff that continual abuse of the court system will result in sanctions, including but not limited to, monetary sanctions and a pre-filing injunction.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are GRANTED, and plaintiff's complaint (including her purported amendments) is hereby DISMISSED for lack of jurisdiction. Defendant's motion for sanctions is DENIED. Defendants' motion to strike and all other pending motions are deemed moot. The clerk is directed to close this case.

This 7TH day of July 2011.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26